IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL A. KOCHANSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| BUREAU OF ALCOHOL, TOBACCO, ) | |
| FIREARMS AND EXPLOSIVES, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

Comes now Plaintiff Daniel A. Kochanski, by and through his attorneys, the Maag Law Firm, LLC, and for his cause of action, states as follows:

1. Plaintiff Daniel A. Kochanski ("Daniel") is a citizen and resident of the Southern District of Illinois, and pursuant to his duty under federal law, seeks to insure that a given firearm is properly registered to him before he takes possession of it.

2. That the Bureau of Alcohol, Tobacco, Firearms and Explosives, ("BATF") administers the National Firearms Act and its related applications.

3. At the time this case was filed, ATF collected a $200.00 tax on the transfer of "firearms" as defined under the National Firearms Act of 1968, as amended, and required the submission and approval of a "Form, 4" to transfer said firearm.[1]

4. Plaintiff sought the transfer of such a firearm, specifically a silencer, ATF transaction no. 20252670703, in September of 2025, which was improperly, arbitrarily, capriciously and contrary to law, disapproved, in October, 2025.

---

[1] It is anticipated that, by the time that the Defendant responds to this lawsuit, that the tax reduction on a Form 4 reducing the transfer tax from $200.00 to zero dollars will go into effect. Plaintiff takes no position on whether $200.00 or zero dollars will ultimately be due.

5. That Plaintiff holds a Tyle 06 FFL, authorizing him to manufacture ammunition for all firearms, other than so called destructive devices.

6. Illinois law expressly allows possession of silencers by persons licensed with type 06 ammunition manufacturing licenses.

7. That ATF has, on several occasions, approved ATF Form 4 transfers of silencers to persons who hold Type 06 FFL.

8. That, apparently, in recent months, ATF has claimed to re-examine Illinois law, which has not changed on this point in several years, and claims, that Illinois law requires BOTH a type 01 FFL and a Type 06 FFL.

9. In truth and fact, per 720 ILCS 5/24-2, silencers, in Illinois, may be possessed by, "Persons licensed under federal law to manufacture any weapon from which 8 or more shots or bullets can be discharged by a single function of the firing device, or ammunition for such weapons,…"

10. In fact, a type 01 FFL, which is a dealers license, is irrelevant, under both federal and state law to this transaction.

11. At all times relevant, the Administrative Procedures Act, provides a remedy for this improper application denial.

12. This Court has subject matter jurisdiction under 28 USC 1331.

WHEREFORE, Plaintiff humbly requests this Honorable Court overrule Defendants disapproval of the ATF Form 4 at issue in this case, and order Defendant to approve same, and for an award of attorney fees and costs under the APA and the Equal Access to Justice Act.

## COUNT II

13. Plaintiff Daniel A. Kochanski ("Daniel") is a citizen and resident of the Southern District of Illinois.

14. That the Bureau of Alcohol, Tobacco, Firearms and Explosives, ("BATF") administers the National Firearms Act and its related applications.

15. At the time this case was filed, ATF collected a $200.00 tax on the transfer of "firearms" as defined under the National Firearms Act of 1968, as amended, and required the submission and approval of a "Form, 4" to transfer said firearm.

16. Plaintiff sought the transfer of such a firearm, specifically a silencer, ATF transaction no. 20252670703, in September of 2025, which was improperly, arbitrarily, capriciously and contrary to law, disapproved, in October, 2025.

17. That Plaintiff holds a Tyle 06 FFL, authorizing him to manufacture ammunition for all firearms, other than so called destructive devices.

18. Illinois law expressly allows possession of silencers by persons licensed with type 06 ammunition manufacturing licenses.

19. That ATF has, on several occasions, correctly approved ATF Form 4 transfers of silencers to persons who hold Type 06 FFL.

20. That, apparently, in recent months, ATF has claimed to re-examine Illinois law, which has to the best of Plaintiff's knowledge not changed on this point in several years, and claims, that Illinois law requires BOTH a type 01 FFL and a Type 06 FFL.

21. That the purported constitutional basis of the entire National Firearms Act, as it relates to silencers, is that of the constitutional power to tax.

22. That 26 USC § 5812 purports to prohibit transfers that violate law, including state of local law.

23. That per official DOJ policy, total bans on private possession of silencers by ordinary citizens violates the Second Amendment to the U.S. Constitution.

24. That while it is disputed that Plaintiff cannot possess a silencer under Illinois law, if, in fact, Illinois law so prohibits same, and 26 USC 5812 prohibits the approval of said transfer as a result, it is respectfully submitted that either (a) Illinois's silencer ban violates the Second and 14th Amendments[2], and thus is null and void, or alternatively, 26 USC 5812, in relevant part, lacks constitutional viability as it lacks any plausible nexus to taxation to refuse to collect a federally levied tax based on a state law that purports to prohibit the transaction subject to the tax, and at the same time, prosecute persons for non-payment of a tax that the collecting authority claims to be prohibited from collecting.

25. That this action is brought under the Administrative Procedures Act.

26. That it is submitted that as either Illinois' suppressor law is unconstitutional, under the Second and 14th Amendment, and/or 26 USC 5812 as beyond the power of the federal government as it would be a mere act for the purpose of regulating and restraining the purchase of firearms, and if so, it is beyond the power of Congress and must be regarded as invalid.

WHEREFORE, Plaintiff requests that this Honorable Court declare Illinois silencer regulation used as a basis to deny Plaintiff's Form 4 unconstitutional, or alternatively, declare

---

[2] In light of the fact that this case is alternatively contesting the constitutionality of a state statute, per rule, a copy of this Complaint is being mailed to the Attorney General of Illinois to notify them of same, so as to allow them to defends the statute, if they so desire. Same was mailed to Illinois AG, 500 S. 2nd St. Springfield, IL 62701

26 USC 5812, to the extent it purports to require disapproval of the Form 4 unconstitutional, and ordering Defendant to instead approve Plaintiff's Form 4, at issue, and for an award of costs and attorney fees.

| | |
|---|---|
| Dated:  11-3-2024 | Respectfully Submitted |
| | Thomas G. Maag<br>Peter J. Maag |
| | <u>s/Peter J. Maag</u><br>Maag Law Firm, LLC<br>22 West Lorena Avenue<br>Wood River, IL  62095 |
| | 618-216-5291<br>maaglawoffice@gmail.com |